**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**RANDALL SWERINGEN, DAVID WILSON**
**and JOHN DOE(S),**

                    **Plaintiffs,**

v.                                             **05-CV-428**
                                                    **(NAM/DRH)**

**NEW YORK STATE DISPUTE RESOLUTION**
**ASSOCIATION (NYSDRA) and**
**ATTORNEY GENERAL ELIOT SPITZER,**

                    **Defendants.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

John A. Aretakis, Esq.                     John A. Aretakis, Esq.
353 East 54th Street
New York, New York 10022-4965
*For Plaintiffs*

Hiscock & Barclay, LLP                  Mark W. Blanchfield, Esq.
50 Beaver Street
Albany, New York 12207
*For Defendant NYSDRA*

Eliot Spitzer                                          James B. McGowan,
Attorney General of the State of New York      Assistant Attorney General,
The Capitol                                        of Counsel
Albany, New York 12222
*For Defendant Eliot Spitzer*

**Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM DECISION AND ORDER

### INTRODUCTION

      Defendants New York State Dispute Resolution Association (NYSDRA) and New York

State Attorney General Eliot Spitzer move pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure to dismiss the complaint. Plaintiffs Randall Sweringen, David Wilson and John Doe(s) oppose defendants' motions.

**THE COMPLAINT**

The Court accepts as true the following facts from the complaint: Plaintiffs were sexually abused by priests as children. NYSDRA is "legally and/or contractually" involved in a dispute resolution program on behalf of the Roman Catholic Diocese of Albany, "its agencies, employees, surrogates or their lawyers with respect to childhood sexual abuse by priests." NYSDRA, *inter alia*, mediates disputes between individuals and the Albany Diocese involving childhood sexual abuse claims.

Sweringen, who was abused by a priest when he was 18, has signed up for and participated in NYSDRA's program. The John Doe plaintiffs, who were victims of childhood sexual abuse by a priest "ha[ve] an interest in" NYSDRA's program.

NYSDRA utilized print, television, and radio to advertise its efforts to mediate disputes between victims of childhood sexual abuse by priests and the Albany Diocese. NYSDRA's "own website . . ., or bylaws, regulations or policies", however, "state . . . that mediation by . . . NYSDRA is not an option in cases or claims involving child abuse". The advertisements also represent that NYSDRA, or its partners, surrogates, agents, and/or lawyers are "independent". NYSDRA, however, has a conflict of interest because the Albany Diocese pays the law firm of Whiteman Osterman and Hanna, which has represented the Albany Diocese in "litigation adverse to clergy sexual abuse victims", $350 per hour to administer NYSDRA, and has set aside at least $500,000 to pay NYSDRA's costs. The NYSDRA has refused to reveal any contracts or other agreements with "any of the parties, lawyers, agents or principals to the program."

Pursuant to agreements with the district attorneys in the fourteen counties that comprise

2

the Albany Diocese, the Albany Diocese is obligated to tell victims of abuse to retain an attorney. NYSDRA "stand[s] in the shoes of the Albany Diocese or is united in interest with the Albany Diocese in dealing with, or acting with regard to matters involving clergy sexual abuse claims or victims," but does not tell victims of abuse to retain an attorney. Consequently, victims have participated in NYSDRA's program without counsel, and have been exploited or taken advantage of by NYSDRA.

One example of the "unfair and unjust" nature of NYDSRA's program is that NYSDRA, its employees, agents, attorneys, spokesmen, partners, and/or principals "have charged themselves with being and having discretionary authority in determining what matters go to or are allowed to proceed to mediation and what matters are delayed or do not go to mediation."

Further, NYSDRA's executive director, Lisa Hicks, falsely advised Sweringen that NYSDRA "was permitted to be involved in the program and that the program was appropriately vetted by the defendant NYSDRA and did not involve fraud, deception or a conflict of interest." NYSDRA, which is "making a substantial amount of money from its client or principal", advertised the program as "independent" so victims would participate in a program "that benefited . . . NYSDRA and its principals."

As a result of the above, plaintiffs seek injunctive relief directing NYSDRA to cease mediating claims involving childhood sexual abuse by Albany Diocese priests or compelling Attorney General Spitzer to act to remedy matters (first cause of action). Plaintiffs also allege: fraud (second cause of action); violations of the New York State General Business Law § 349 and 22-A, and of the Executive Law 62(12) (third cause of action); breach of oral contract (fourth cause of action); negligence (fifth cause of action); and breach of fiduciary duty (sixth cause of action).

3

## JURISDICTION

Plaintiffs allege that the Court has diversity jurisdiction over this action because Sweringen and Wilson are residents and citizens of California and Florida, respectively, defendants are citizens of New York, and the John Doe plaintiffs reside or have citizenship in "different states", and the amount in controversy exceeds $75,000.

## DISCUSSION

### Standard Rule 12(b)(6)

When considering a motion to dismiss a complaint under Rule 12(b)(6), a court "'must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally.'" *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A court may not dismiss an action "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Conley*, 355 U.S. at 45-46. "'[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2d Cir. 2001) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Plaintiffs have submitted several affidavits in opposition to the motions to dismiss. The Court has not considered these affidavits in addressing defendants' motion. It is well settled that the Court may not look to evidence outside the pleadings in deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Kramer v. Time Warner, Inc.*, 937 F.2d 767 (2d Cir. 1991) ("In considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference.").

**Attorney General Spitzer**

Plaintiffs seek to compel Attorney General Spitzer to initiate action against or investigate NYSDRA pursuant to N. Y. Exec. Law § 63(12) and N.Y. Gen. Bus. Law § 349. The injunctive relief plaintiffs seek is in the nature of mandamus. Defendant Spitzer moves to dismiss the complaint on the basis that the decision whether to investigate or initiate action against NYSDRA is discretionary, and thus cannot be compelled by mandamus. A mandamus to compel is appropriate "where the right to relief is 'clear' and the duty sought to be enjoined is performance of an act commanded to be performed by law and involving no exercise of discretion." *Hamptons Hospital & Medical Center, Inc. v. Moore*, 52 N.Y.2d 88, 96 (1981) (citation omitted).

Section 63(12) of the Executive Law states:

> Whenever any person shall engage in repeated fraudulent or illegal acts or otherwise demonstrate persistent fraud or illegality in the carrying on, conducting or transaction of business, the attorney general *may apply*, in the name of the people of the state of New York, to the supreme court of the state of New York, on notice of five days, for an order enjoining the continuance of such business activity or of any fraudulent or illegal acts, directing restitution and damages and, in an appropriate case, cancelling any certificate filed under and by virtue of the provisions of section four hundred forty of the former penal law or section one hundred thirty of the general business law, and the court may award the relief applied for or so much thereof as it may deem proper. The word "fraud" or "fraudulent" as used herein shall include any device, scheme or artifice to defraud and any deception, misrepresentation, concealment, suppression, false pretense, false promise or unconscionable contractual provisions. The term "persistent fraud" or "illegality" as used herein shall include continuance or carrying on of any fraudulent or illegal act or conduct. The term "repeated" as used herein shall include repetition of any separate and distinct fraudulent or illegal act, or conduct which affects more than one person.

N.Y. Exec. Law § 63(12) (emphasis added). Section 349 of the General Business Law states, in pertinent part:

> Whenever the attorney general shall believe from evidence satisfactory to him that any person, firm, corporation or association or agent or employee thereof has engaged in or is about to engage in any of the acts or practices stated to be unlawful *he may bring an action* in the name and on behalf of the people of the state of New York to

5

>enjoin such unlawful acts or practices and to obtain restitution of any moneys or property obtained directly or indirectly by any such unlawful acts or practices. In such action preliminary relief may be granted under article sixty-three of the civil practice law and rules.

N.Y. Gen. Bus. Law § 349(b) (emphasis added). These statutes, by their terms, accord the Attorney General discretion in deciding whether to initiate action. Thus, plaintiffs can prove no set of facts entitling them to the injunctive relief they seek. Accordingly, defendant Spitzer's motion to dismiss the claims against him is granted.

### Fraud (Second Cause of Action)

NYSDRA moves to dismiss the second cause of action on the basis that plaintiffs failed to plead fraud with particularity as required by Rule 9(b). "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). "Rule 9(b) is designed to further three goals: (1) providing a defendant fair notice of plaintiff's claim, to enable preparation of defense; (2) protecting a defendant from harm to his reputation or goodwill; and (3) reducing the number of strike suits." *DiVittorio v. Equidyne Extractive Indus., Inc.,* 822 F.2d 1242, 1247 (2d Cir. 1987). To satisfy Rule 9(b), the averments must: "'(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (quoting *Mills v. Polar Molecular Corp*., 12 F.3d 1170, 1175 (2d Cir. 1993)); *see also Suez Equity Investors, L.P. v. Toronto-Dominion Bank*, 250 F.3d 87, 95 (2d Cir. 2001) ("We have explained that this standard imposes an obligation on plaintiff to 'specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were

6

fraudulent, state when and where the statements were made, and identify those responsible for the statements.'") (quoting *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir. 1989)). As a general rule, therefore, Rule 9(b) pleadings cannot be based upon information and belief. *Segal v. Gordon*, 467 F.2d 602, 608 (2d Cir. 1972). Further, under New York law,

> [f]raud is generally defined by reciting the five elements essential to sustain that cause of action. There must be a representation of fact, which is either untrue and known to be untrue or recklessly made, and which is offered to deceive the other party and to induce them to act upon it, causing injury.

*Jo Ann Homes at Bellmore, Inc. v. Dworetz*, 25 N.Y.2d 112, 119 (1969).

In this case, the complaint alleges, *inter alia*, that in a meeting on January 31, 2005, NYSDRA's executive director advised plaintiff Sweringen that the NYSDRA program did not involve fraud, deception, or a conflict of interest. Plaintiffs further allege that NYSDRA advertised its program as independent, and appended a copy of the program to the complaint. According to plaintiffs, NYSDRA is not independent (and the statements are therefore fraudulent) because the Albany Diocese funds the NYSDRA's program. Even assuming the complaint's somewhat vague allegations are sufficient to satisfy Rule 9(b)'s particularity requirements, the complaint would still fail because it does not allege scienter adequately.

Rule 9(b) provides that "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally", therefore "allegations of scienter . . . are not subjected to the more exacting consideration applied to the other components of fraud." *Breard v. Sachnoff & Weaver, Ltd.*, 941 F.2d 142, 143 (2d Cir.1991) (quoting *Ouaknine v. MacFarlane*, 897 F.2d 75, 81 (2d Cir.1990)). Nevertheless, there must exist a "minimal factual basis for . . . conclusory allegations of scienter." *Cohen v. Koenig*, 25 F.3d 1168, 1173 (2d Cir. 1994) (quoting *Connecticut Nat'l Bank v. Fluor Corp.*, 808 F.2d 957, 962 (2d Cir. 1987)). "In fact, conclusory

7

allegations of scienter are sufficient 'if supported by facts giving rise to a strong inference of fraudulent intent.'" *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1057 (2d Cir.1993) (quoting *Ouaknine*, 897 F.2d at 80). To raise an inference of fraudulent intent, a plaintiff may either (1) allege facts showing both a motive for committing fraud and a clear opportunity for doing so, or (2) identify circumstances indicating conscious or reckless misbehavior by the defendants. *Shields*, 25 F.3d at 1128.

Here, the complaint alleges that the NYSDRA made fraudulent representations to induce more victims to participate in the program and therefore generate greater revenues. "Although the desire to enhance income may motivate a person to commit fraud, allegations that a defendant stands to gain economically from fraud do not satisfy the heightened pleading requirements of Rule 9(b)." *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 124 (S.D.N.Y. 1997); *see also Shields*, 25 F.3d at 1130 ("On a practical level, were the opposite true, the executives of virtually every corporation in the United States could be subject to fraud allegations."). Thus, the allegation that pecuniary gain motivated defendant's fraud, without more, is insufficient to give rise to an inference of fraudulent intent. Accordingly, defendant NYSDRA's motion to dismiss the second cause of action is denied.

**N.Y. Gen. Bus. Law and N.Y. Exec. Law (Third Cause of Action)**

Plaintiffs base their third cause of action on allegations of deceptive business practices. The complaint alleges:

> The defendant's deliberate and bad faith course of conduct is aimed at the public in general and victims of abuse besides plaintiffs and has a broader impact upon consumers at large.
>
> Defendant's conduct constitutes a representation or omission which was likely to mislead a reasonable person or consumer acting reasonably under the circumstances
> . . . .

8

> Lisa Hicks, the Executive Director of the defendant NYSDRA, publicly stated at a press conference with her principals, partners, or lawyers that: "The mediators are not an advocate for one party over another, but support each other in using the process to speak the truth, seek understanding and ask for what is wanted to begin or further the healing process."
>
> The defendant NYSDRA, through Ms. Hicks, also falsely and deceptively claimed she was a neutral third party in the process in the September 23, 2004 Daily Gazette article.
>
> The fraudulent statements were published and made by the defendant in NYSDRA . . . in publications including but not limited to The Evangelist, the Times Union, The Gazette, The Record and other such newspapers from September 23, 2004 to October 23, 2004 and continuing to the present in some publications . . . .
>
> [Defendant's program] also has been described as a public relations driven fraudulent and deceptive program in an effort at restoring public trust and confidence to a church or diocese shaken . . . by numerous revelations of sexual abuse of children by clergy . . . .
>
> The fraudulent program involving the defendant NYSDRA is not a gratuitous program, but one which deals in the resolution of legal claims with the execution of settlement funds, releases, confidentiality agreements and other such legal agreements attendant to such legal claims . . . .
>
> The defendants' fraud proximately caused the plaintiffs damages.

To establish a claim for deceptive trade practices under New York's General Business Law § 349, a plaintiff must demonstrate that (1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result. *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 25 (1995).

NYSDRA argues that that the complaint fails to state a claim of deceptive trade practices because plaintiffs failed to allege how they have been injured and the wrong the complaint alleges is not a "consumer-type" transaction that "effects" the public. While it may become clear that the activities at issue were not directed at consumers, *see Azby Brokerage, Inc., v. Allstate Ins. Co.*, 681 F.Supp. 1084, 1089 (S.D.N.Y. 1988) (dismissing § 349 claim because the plaintiffs did not

9

"assert injury to consumers or to the public interest, but to a class of independent insurance brokers"), and that plaintiffs can prove no damages beyond deception, s*ee Small v. Lorillard Tobacco Co*., 94 N.Y.2d 43, 56 (1999) (finding that the plaintiffs, who "set[] forth deception as both act and injury", failed to show actual harm as required by § 349), the Court cannot say, at this stage of the litigation, that plaintiffs can prove no set of facts in support of their claim of deceptive business practices. Thus, defendant's motion to dismiss the third cause of action is denied.

### Oral Contract (Fourth Cause of Action)

Plaintiffs base their fourth cause of action on allegations of breach of oral contract. The complaint alleges:

> The defendant NYSDRA in a January 31, 2005 meeting and at other subsequent times, covenanted to the plaintiffs and victims of abuse that they were able to be involved in the program and that same had been properly vetted when in fact it was not properly vetted and the program was not able to be administered or involved in by the defendant NYSDRA.
>
> The defendant NYSDRA also covenanted to the plaintiffs and victims of abuse in general that the defendant NYSDRA would not be involved in a program if it involved a conflict of interest, which it clearly does.
>
> Defendant NYSDRA at a January 31, 2005 meeting stated that they would not have become involved or partnered with this program if a conflict of interest was involved, if there was fraud or if it was deceptive.
>
> The oral contract made by the defendant NYSDRA to the plaintiffs may also be illusory or fraudulent in that the defendant and their principals, agents and attorneys have unfettered and unilateral discretion implementing and administering the program, and this is manifestly unfair, unjust, deceptive, undisclosed and indicative that a conflict of interest exists.
> Since the program involving the defendant NYSDRA is fraudulent, deceptive and has a conflict of interest, the defendant NYSDRA breached its contract with the plaintiffs.
>
> Said contract contained offer and acceptance and good, valuable and sufficient consideration.

>The defendant NYSDRA breached its oral contract with the plaintiffs proximately causing the plaintiffs damages.

Defendant NYSDRA moves to dismiss this cause of action for failure to state a claim on the basis that the complaint does not allege how plaintiffs were damaged by the alleged breach of contract. Defendant further asserts that plaintiffs do not set forth facts indicating that they gave consideration to form a contract.

To state a claim in federal court for breach of contract under New York law, a complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages. *Tagare v. Nynex Network Sys. Co.*, 921 F.Supp. 1146, 1149 (S.D.N.Y. 1996). *See also* 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1235 (1990). Each element need not be pleaded separately; all that is necessary is "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Nevertheless , "'when pleading a claim for breach of an express contract, . . . the complaint must contain some allegation that the plaintiffs actually performed their obligations under the contract.'" *Reuben H. Donnelley Corp. v. Mark I Marketing Corp.*, 893 F.Supp. 285, 291 (S.D.N.Y. 1995); *R.H. Damon & Co. v. Softkey Software Products, Inc.*, 811 F.Supp. 986, 991 (S.D.N.Y. 1993).

Here, there is no indication as to whether plaintiffs adequately performed under the contract. Indeed, the complaint states that Wilson and the "John Doe" plaintiffs have not participated in the NYSDRA program and there are no allegations indicating that they are parties to any contract. Additionally, the complaint alleges no facts showing what plaintiffs' obligations under the oral contract were, or what the consideration was for their engagement in the oral

11

contract with the NYSRA. Accordingly, defendant's motion to dismiss the fourth cause of action is granted.

### Negligence (Fifth Cause of Action)

Defendants argue for dismissal of plaintiff's negligence claim on the basis that the complaint does not allege that defendants' negligence proximately caused damages to them.

To establish a *prima facie* case of negligence under New York law, "a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Solomon ex rel. Solomon v. City of New York*, 66 N.Y.2d 1026, 1027 (1985); *see also King v. Crossland Sav. Bank*, 111 F.3d 251, 259 (2d Cir. 1997).

In this case, the complaint alleges that:

The defendant NYSDRA, having instituted and set out a program which involved the plaintiffs, had a duty to act reasonably, and pursuant to its own rules, regulations, bylaws, guidelines, policies and relevant statutory law.

The defendant NYSDRA breached its duty of care and proximately caused damages to the plaintiffs that were reasonably foreseeable.

The defendants' own breach of their own rules, regulations, policies, bylaws and guidelines is evidence of the defendant's negligence.

The defendant NYSDRA has otherwise acted carelessly and with a wanton disregard to the plaintiffs.

As an initial matter, because the complaint states that plaintiff Wilson and the John Doe plaintiffs have not participated in the NYSDRA mediation program, it fails to state a claim of negligence as a matter of law because there are no facts indicating that NYSDRA owed any duty to those plaintiffs. While it may become clear that plaintiff Sweringen cannot produce evidence demonstrating negligence on the part of NYSDRA, or that he was damaged by NYSDRA's negligence, at this stage, plaintiff need only give "fair notice of the basis" for his claims.

*Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002). Thus, the Court cannot say that "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46. Accordingly, defendant's motion to dismiss the fifth action is granted in part and denied in part.

### Breach of Fiduciary Duty (Sixth Cause of Action)

Defendants assert that because plaintiffs failed to allege both an identifiable monetary loss and the existence of a fiduciary relationship, the sixth cause of action for breach of fiduciary duty must be dismissed. The elements of a cause of action for knowing participation in a breach of fiduciary duty are (1) breach of a duty owed to plaintiff by a fiduciary; (2) defendant's knowing participation in the breach; and (3) damages. *Diduck v. Kaszuchi & Sons Contractors Inc.*, 974 F.2d 270, 281-82 (2d Cir.1992). Plaintiff Wilson and the John Doe plaintiffs fail to state a claim of breach of fiduciary duty because they have alleged no relationship with NYSDRA and therefore have failed to allege that NYSDRA owes them a duty. Plaintiff Sweringen's allegations against NYSDRA are thin, the Court cannot say, however, at this stage of the litigation, that Sweringen fails to state a claim of breach of fiduciary duty as a matter of law. Accordingly, defendant's motion to dismiss the sixth cause of action is granted in part and denied in part.

### Injunctive Relief (First Cause of Action)

In their first cause of action, plaintiffs seek injunctive relief based on NYSDRA's allegedly fraudulent and otherwise illegal conduct. Because there are several viable causes of action in the complaint, however, NYSDRA is not entitled to dismissal of the first cause of action at this time. Accordingly, NYSDRA's motion to dismiss the first cause of action is denied.

### CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that defendant Eliot Spitzer's motion to dismiss the complaint is granted; and it is further

**ORDERED** that the Clerk of the Court is directed to terminate defendant Eliot Spitzer from this case; and it is further

**ORDERED** that defendant NYSDRA's motion to dismiss the complaint with respect to the second, and fourth causes of action is granted without prejudice to repleading; and it is further

**ORDERED** that to the extent plaintiff David Wilson and the John Doe plaintiffs assert negligence (fifth cause of action) and breach of fiduciary duty (sixth cause of action), defendant NYSDRA's motion to dismiss those claims are granted without prejudice to repleading; and it is further

**ORDERED** that the negligence (fifth cause of action) and breach of fiduciary duty (sixth cause of action) claims by plaintiff David Wilson and the John Doe plaintiffs are dismissed without prejudice to repleading; and it is further

**ORDERED** that defendant NYSDRA's motion to dismiss is otherwise denied it its entirety; and it is further

**ORDERED** that plaintiffs file an amended complaint, if any, on or before October 18, 2006.

**IT IS SO ORDERED.**

Dated: September 28, 2006

Norman A. Mordue
Chief United States District Court Judge