**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**RANDALL SWERINGEN, DAVID WILSON**
**and JOHN DOE(S),**
                              **Plaintiffs,**

        **v.**

**NEW YORK STATE DISPUTE RESOLUTION**
**ASSOCIATION (NYSDRA)**

                            **Defendants.**
_____

                                           **1:05-CV-428**
                                           **(NAM/DRH)**

**APPEARANCES:**                                   **OF COUNSEL:**

John A. Aretakis, Esq.                          John A. Aretakis, Esq.
353 East 54th Street
New York, New York 10022-4965
_For Plaintiffs_

Hiscock & Barclay, LLP                       Mark W. Blanchfield, Esq.
50 Beaver Street
Albany, New York 12207
_For Defendant NYSDRA_

**Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM DECISION AND ORDER

### INTRODUCTION

       Defendant New York State Dispute Resolution Association (NYSDRA) moves pursuant

to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. No. 26) to dismiss the First and

Second causes of action in the amended complaint as alleged by plaintiffs David Wilson and John

Doe and the Second and Fourth causes of action in the amended complaint as alleged by plaintiff

Randall Sweringen. Plaintiffs Randall Sweringen, David Wilson and John Doe(s) oppose (Dkt.

No. 30, 31) defendant's motion.

**BACKGROUND**

Familiarity with the factual history in the case is assumed based on this Court's previous Memorandum-Decision and Order.  *See Sweringen v. NYSDRA and Attorney General Eliot Spitzer*, 05-CV-0428, Dkt. No.19 (Sept. 28, 2006) (Memorandum-Decision and Order).

In the Memorandum-Decision and Order dated September 28, 2006, the Court granted the Defendant NYSDRA's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and directed plaintiffs to replead and file an amended complaint on or before October 18, 2006.

On October 18, 2006, plaintiffs filed an amended complaint (Dkt. No. 20, 21, 22). Plaintiffs seek injunctive relief directing NYSDRA to cease mediating claims involving childhood sexual abuse by Albany Diocese priests or compelling the defendant to conform to public and web site representations (first cause of action).  Plaintiffs also allege: fraud (second cause of action); violations of the New York State General Business Law § 349 and 22-A, and of the Executive Law 62(12) (third cause of action); breach of oral contract (fourth cause of action); negligence (fifth cause of action); and breach of fiduciary duty (sixth cause of action).  Defendant moves to dismiss the first and second causes of action in the amended complaint as alleged by Wilson and Doe and the second and fourth causes of action as alleged by the plaintiff Sweringen pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiffs oppose defendant's motion.

**THE AMENDED COMPLAINT**

In the amended complaint, plaintiffs allege they were sexually abused by priests as children.  In support of their claims herein, plaintiffs make the following factual and legal averments:  In September of 2004, the Independent Mediation Assistance Program (IMAP) was revealed to the public as an entity "independent" from the Albany Diocese to administer compensation to victims of clergy sexual abuse.  NYSDRA is "legally and/or contractually"

2

involved in the dispute resolution program on behalf of the Roman Catholic Diocese of Albany (Albany Diocese), "its agencies, employees, surrogates or their lawyers with respect to childhood sexual abuse by priests."  NYSDRA, *inter alia*, mediates disputes between individuals and the Albany Diocese involving childhood sexual abuse claims.

Sweringen, who was abused by a priest when he was 18, has signed up for and participated in NYSDRA's program in the fall of 2004.  The plaintiff Wilson investigated the program.  The John Doe plaintiffs, who were victims of childhood sexual abuse by a priest have not participated but wish to participate in NYSDRA's program.

Plaintiffs read and reasonably relied upon information that was made public and widely advertised by the defendant regarding the program.  From September 2004 until the present, NYSDRA utilized print, television, and radio to advertise its efforts to mediate disputes between victims of childhood sexual abuse by priests and the Albany Diocese.  NYSDRA's "own website . . ., or bylaws, regulations or policies", however, "state . . . that mediation by . . . NYSDRA is not an option in cases or claims involving child abuse".  The advertisements also represent that NYSDRA, or its partners, surrogates, agents, and/or lawyers are "independent".

The law firm of Whiteman Osterman and Hanna, LLP is or was involved with the defendant NYSDRA and their employees Lisa Hicks and/or Charlotte Carter in the "creation, administering and implementation of the fraudulent and deceptive program".  NYSDRA has a conflict of interest because the Albany Diocese pays the law firm of Whiteman Osterman and Hanna, which has represented the Albany Diocese in "litigation adverse to clergy sexual abuse victims", $350 per hour to administer NYSDRA, and has set aside at least $500,000 to pay NYSDRA's costs and all expenses incurred by IMAP. The NYSDRA has refused to reveal any contracts or other agreements with "any of the parties, lawyers, agents or principals to the

program."

Pursuant to agreements with the district attorneys in the fourteen counties that comprise the Albany Diocese, the Albany Diocese is obligated to tell victims of abuse to retain an attorney. NYSDRA "stand[s] in the shoes of the Albany Diocese or is united in interest with the Albany Diocese in dealing with, or acting with regard to matters involving clergy sexual abuse claims or victims," but does not tell victims of abuse to retain an attorney.  Consequently, victims have participated in NYSDRA's program without counsel, and have been exploited or taken advantage of by NYSDRA.

One example of the "unfair and unjust" nature of NYDSRA's program is that NYSDRA, its employees, agents, attorneys, spokesmen, partners, and/or principals "have charged themselves with being and having discretionary authority in determining what matters go to or are allowed to proceed to mediation and what matters are delayed or do not go to mediation."

NYSDRA's executive director, Lisa Hicks, falsely advised Sweringen that NYSDRA "was permitted to be involved in the program and that the program was appropriately vetted by the defendant NYSDRA and did not involve fraud, deception or a conflict of interest." NYSDRA, which is "making a substantial amount of money from its client or principal", advertised the program as "independent" so victims would participate in a program "that benefitted . . . NYSDRA and its principals."

As a result of the above, plaintiffs seek injunctive relief directing NYSDRA to cease mediating claims involving childhood sexual abuse by Albany Diocese priests or compelling the defendant to conform to public and web site representations (first cause of action).  Plaintiffs also allege: fraud (second cause of action); violations of the New York State General Business Law § 349 and 22-A, and of the Executive Law 62(12) (third cause of action); breach of oral contract

(fourth cause of action); negligence (fifth cause of action); and breach of fiduciary duty (sixth cause of action).

## JURISDICTION

Plaintiffs allege that the Court has diversity jurisdiction over this action because Sweringen and Wilson are residents and citizens of California and Florida, respectively, defendant does business in New York, the John Doe plaintiffs reside or have citizenship in "different states", and the amount in controversy exceeds $75,000.

## DISCUSSION

### Standard Rule 12(b)(6)

Defendant moves for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In addressing defendant's motion to dismiss, the Court accepts as true all of the factual allegations in the amended complaint and draws inferences from those allegations in the light most favorable to the plaintiff.  *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *McEvoy v. Spencer*, 124 F.3d 92, 95 (2d Cir. 1997).  Dismissal is proper only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir. 1994).   "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims". *Todd v. Exxon Corp*., 275 F.3d 191, 198 (2d Cir. 2001).

It is well settled that the Court may not look to evidence outside the pleadings in deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim.  *Kramer v. Time Warner, Inc*., 937 F.2d 767, 773 (2d Cir. 1991) ("In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or

5

in documents attached to the complaint as exhibits or incorporated in the complaint by reference."). The court may consider "any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference". *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). In the amended complaint, the plaintiffs incorporate by reference Exhibits "A", "B" and "C" which were previously annexed to the original complaint. Although these exhibits were not attached to the amended complaint, construing the allegations liberally, the Court has considered these exhibits in addressing the instant motion[1]. *Thomas v. Goord*, 215 F. App'x 51, 54 (2d Cir. 2007); *see also Daiei Trading Co., Inc. v. Williams Rice Milling Co.*, 30 F. App'x 13, 14 (2d Cir. 2002).

Pursuant to the Court's rules, in opposition to the motion, plaintiffs are required to submit a memorandum of law and are not permitted to submit an affidavit. *See* N.D.N.Y.L.R. 7.1(a); *Gonzalez v. New York State Dep't of Corr. Servs. Fishkill Corr.*, 122 F.Supp.2d 335, 341 (N.D.N.Y. 2000). The plaintiffs have failed to submit a memorandum of law, an attorney affidavit or to cite to any legal authority in opposing the relief sought by the defendant. The only documents submitted in opposition to the defendant's motion are affidavits from Randall Sweringen and David Wilson. These affidavits contain legal arguments which is also a violation of local rules. *See* N.D.N.Y.L.R. 7.1(a). Based upon a review of the affidavits, the Court infers that plaintiffs Wilson and Doe oppose the motion arguing that they relied upon various fraudulent statements made by the Defendant. The Court further infers that plaintiff Sweringen opposes the within motion arguing that the motive for fraud was financial gain and the success of the

---

[1] The court notes that the plaintiffs refer to various publications and newspaper articles in the amended complaint including the *Albany Times Union*, *Daily Gazette*, and "other such newspapers". However, as none of these publications or articles are attached as exhibits to the amended complaint, the court has not considered the content in addressing the within motion.

defendant's program. [2]  However, with respect to the factual allegations and substance of

arguments, the Court has confined its review to the amended complaint and exhibits.

### Fraud (Second Cause of Action)

NYSDRA moves to dismiss the second cause of action as asserted by plaintiffs Wilson

and Doe on the basis that plaintiffs did not participate in the Independent Mediation Assistance

Program (IMAP) and therefore have not established reasonable reliance upon alleged

misrepresentations.  NYSDRA further argues that plaintiffs Wilson and Doe have failed to

establish a causal relationship between the alleged misrepresentations and their purported

damages.  NYSDRA moves to dismiss the second cause of action as asserted by plaintiff

Sweringen on the basis that plaintiff has failed to plead fraud with particularity as required by

Rule 9(b).

Federal Rule of Civil Procedure 9(b) sets forth a heightened pleading standard for

allegations of fraud: "In all averments of fraud or mistake, the circumstances constituting fraud or

mistake shall be stated with particularity". Fed. R. Civ. P. 9(b).  In order to comply with Rule

9(b), "the complaint must: (1) specify the statements that the plaintiff contends were fraudulent;

(2) identify the speaker; (3) state where and when the statements were made; and (4) explain why

the statements were fraudulent." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006)

(quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)).

Under New York law, for a plaintiff to prevail on a claim of fraud, he must prove five

elements by clear and convincing evidence: (1) a material misrepresentation or omission of fact;

---

[2]  The Court notes that there are several factual allegations contained in both affidavits
that are not in the amended complaint.  These allegations will not be considered for the purposes
of this motion.

(2) made with knowledge of its falsity; (3) with an intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) that causes damage to the plaintiff. *Lerner*, 459 F.3d at 291 (quoting *Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91, 98 (2d Cir.1997)).

In this case, the amended complaint alleges, *inter alia*, that the defendant NYSDRA made fraudulent statements claiming their program is independent.  Further, that their mediators and investigators were neutral and that NYSDRA fostered a safe environment for victims of abuse. The plaintiffs refer to an advertisement, annexed as Exhibit "A" to the complaint (Dkt. No.1), arguing that the NYSDRA publicly disseminates information claiming that it is "independent" when it is not.   Plaintiffs further allege that Lisa Hicks, the executive director of NYSDRA made false and fraudulent statements in a meeting on January 31, 2005.  The plaintiffs have adequately satisfied the Rule 9(b) pleading requirements concerning the time, place, speaker and the content of the alleged misrepresentation. *See Shields v. Citytrust Bancorp, Inc*., 25 F.3d 1124, 1128 (2d Cir. 1994)); *see also Ouaknine v. MacFarlane*, 897 F.2d 75, 79 (2d Cir. 1990). However, despite being afforded an opportunity to replead, the plaintiffs have still failed to adequately allege scienter.

Allegations of scienter "are not subjected to the more exacting consideration applied to the other components of fraud". *Breard v. Sachnoff & Weaver, Ltd.*, 941 F.2d 142, 143 (2d Cir. 1991) (quoting *Ouaknine*, 897 F.2d at 81).   Despite Rule 9(b)'s lower standard for scienter, the Court has stated that "we must not mistake the relaxation of Rule 9(b)'s specificity requirement regarding condition of mind for a 'license to base claims of fraud on speculation and conclusory allegations.' ". *Chill*, 101 F.3d at 267 (quoting *Acito v. IMCERA Group, Inc*., 47 F.3d 47, 52 (2d Cir. 1995)). Plaintiffs still have the "burden of pleading circumstances that provide at least a

minimal factual basis for their conclusory allegations of scienter". *Chill*, 101 F.3d at 267 (quoting *Cohen v. Koenig*, 25 F.3d 1168, 1173 (2d Cir. 1994)).   Plaintiffs must at a minimum, allege facts that give rise to a strong inference of fraudulent intent. *Siben v. Am. Airlines, Inc.,* 913 F.Supp. 271, 278 (citing *Breard*, 941 F.2d at 144).

A plaintiff can establish a strong inference of fraudulent intent in two ways: "either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Chill*, 101 F.3d at 267 (citing *Shields v. Citytrust Bancorp, Inc*., 25 F.3d 1124, 1128 (2d Cir. 1994)).

Motive would entail concrete benefits that could be realized by one or more of the false statements and wrongful nondisclosures alleged. *Shields*, 25 F.3d at 1130. General allegations that the defendants acted in their economic self-interest are not enough. *Ganino v. Citizens Utilities, Co*., 228 F.3d 154, 170 (2d Cir. 2000) (citing *Shields*, 24 F.3d at 1130) (motive allegation that the defendants concealed and misrepresented the corporations' financial condition were common to all corporate executives too generalized to demonstrate scienter).  Motives that are generally possessed by most corporate directors and officers do not suffice; instead, plaintiffs must assert a concrete and personal benefit to the individual defendants resulting from the fraud. *Kalnit v. Eichler*, 264 F.3d 131, 139 (2d Cir. 2001).  "Although the Second Circuit has not held that the desire to consummate a corporate transaction never can be a motive sufficient to warrant an inference of fraud, in all the circumstances, such a weak motive does not sufficiently raise an issue of clear and convincing scienter".  *Pfizer, Inc. v Stryker Corp*., 2005 WL 44383, at *4 (S.D.N.Y. 2005); *see also  Rothman v. Gregor*, 220 F.3d 81, 93 (2d Cir. 2000).

The requisite inference of intent "may arise where the complaint sufficiently alleges that

the defendants: (1) benefitted in a concrete and personal way from the purported fraud; (2) engaged in deliberately illegal behavior; (3) knew facts or had access to information suggesting that their public statements were not accurate; or (4) failed to check information they had a duty to monitor." *Albert Fadem Trust v. Citigroup, Inc.*, 165 F. App'x 928, 930 (2d Cir. 2006); *see also Novak v. Kasaks*, 216 F.3d 300, 311 (2d Cir. 2000) (internal cross-references omitted).

A plaintiff in a fraud action may also plead scienter "by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Chill*, 101 F.3d at 267 (quoting *Acito*, 47 F.3d at 52 (quotation omitted)).  The Second Circuit has held that "[r]eckless conduct is, at the least, conduct which is highly unreasonable and which represents an extreme departure from the standards of ordinary care . . . to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it." *Chill*, 101 F.3d at 269, (quoting *Roth v. Blyth, Eastman Dillon & Co.*, 570 F.2d 38, 47 (2d Cir. 1978)) (alteration in original and quotation omitted), op. am., Nos. 77-7104, 77-7124, 1978 WL 4098 (2d Cir. May 22, 1978), *cert. denied*, 439 U.S. 1039 (1978).

In this case, plaintiffs allege the following in the Amended Complaint:

. . . The defendant NYSDRA intended to deceive the plaintiffs because they are motivated to assist the Albany Diocese. (Am. Compl. at ¶117).

The fraudulent scienter is also envinced due to the tolls taken on the Albany Diocese including a reduction in church attendance, a decline in support of church projects and a severe decline in the popularity of the Bishop's Fund. (Am. Compl. at ¶115).

The defendant NYSDRA acted as an agent for the Albany Diocese, an entity that has been compelled to reveal the removal of over 21 priests from active ministry in the last four years due to pedophilia, and as such was also motivated to attempt to generate positive publicity for its client and/or principal by engaging in fraud, and in attempting to label its program a successful endeavor.  (Am. Compl. at ¶118).

In the Court's prior Memorandum- Decision and Order, the Court held:  "The allegation

that pecuniary gain motivated the defendant's fraud, without more, is insufficient to give rise to an inference of fraudulent intent." *Sweringen v. NYSDRA and Attorney General Eliot Spitzer*, 05-CV-0428, Dkt. No.19 (Sept. 28, 2006) (Memorandum-Decision and Order).

The amended complaint does not provide facts sufficient to infer scienter and contains nothing more than conclusory allegations. The allegation that the defendant was motivated to "assist the Albany Diocese" and "label its program a successful endeavor" does infer a "concrete benefit" to NYSDRA. Plaintiffs have still failed to allege that defendants were motivated by anything other than financial gain. The Court is unable to infer scienter based upon the alleged motive and opportunity. The amended complaint is also devoid of any allegations of recklessness, conscious misbehavior or conduct which is highly unreasonable on the part of the defendant. Plaintiffs fail to allege any facts from which to infer scienter, and therefore, do not meet their burden under Rule 9(b). *Sloane Overseas Fund, Ltd. v. Sapiens Int'l. Corp., N.V.*, 941 F.Supp. 1369, 1382 (S.D.N.Y. 1996) (citing *In re Integrated Resources Real Estate Ltd. Partnerships Securities, Litigation*, 815 F.Supp. 620, 670 (S.D.N.Y. 1993)). The allegations do not provide the "specific, well-pleaded facts" for which the plaintiff was offered an opportunity to replead in their amended complaint. *Stern v. Leucadia Nat. Corp.*, 844 F.2d 997, 1004 (2d Cir. 1988). Accordingly, defendant NYSDRA's motion to dismiss the second cause of action as alleged by Plaintiffs Sweringen, Wilson and Does(s) is granted.

### Oral Contract (Fourth Cause of Action)

Plaintiff Sweringen bases his fourth cause of action on allegations of breach of oral contract. The Amended Complaint, plaintiff alleges:

The defendant NYSDRA in a January 31, 2005 meeting and at other subsequent times, covenanted to the plaintiffs and victims of abuse that they were able to be involved in the program and that same had been properly vetted when in fact it was not properly vetted

11

and the program was not able to be administered or involved in by the defendant (Am. Compl. ¶138).

Since the program involving the defendant NYSDRA is fraudulent, deceptive and has a conflict of interest, the defendant NYSDRA breached its contract with the plaintiffs. (Am. Compl. ¶142).

The plaintiff Sweringen was damaged by the breach of contract by engaging in the program initiated by the defendant NYSDRA and its principals, and then having nothing happen that was promised by the defendant and their agents. (Am. Compl. ¶143).

The plaintiff never received a mediated resolution, never had the formal removal from ministry of his abuser, and never received the neutral and fair hearing that was warranted by the defendants (despite the fact that the Albany Diocese conceded that Fr. Charles R. Celeste did engage in sexual misconduct with the plaintiff). (Am. Compl. ¶144).

The consideration give [sic] by the plaintiff is that the plaintiff Sweringen took no other actions to advance his claim during the period of time that IMAP and/or NYSDRA reviewed his claim. (Am. Compl. ¶145).

Further consideration given by the plaintiff  Sweringen was in traveling across country to cooperate with the defendant or its agents, in having repeated phone and other contact, with have [sic] to repeatedly tell the painful story of his abuse and by being deceived, delayed and made to feel upset, anxious and requiring further therapy. (Am. Compl. ¶146).

Further consideration is that the plaintiff Randall Sweringen refrained from and did not act to put out negative publicity against the defendant and its agents during the period of time he was attempting to participate and cooperate with the defendant. (Am. Compl. ¶148).

The plaintiff Sweringen performed fully his obligations pursuant to the contract and relied to his detriment for the defendants to similarly act. (Am. Compl. ¶150).

Defendant NYSDRA moves to dismiss the fourth cause of action for failure to state a claim on the basis that the amended complaint does not sufficiently allege facts to establish that consideration was given to form a contract.  Defendant further asserts that plaintiff states in conclusory fashion that  he "fully performed" but has failed to set forth facts sufficient to constitute "full" performance.

To state a claim for breach of contract under New York law, a complaint need only allege

(1) the existence of an agreement; (2) adequate performance of the contract by the plaintiff;

(3) breach of contract by the defendant; and (4) damages. *Harsco Corp. v. Sequi,* 91 F.3d 337,

348 (2d Cir. 1996); *Tagare v. Nynex Network Sys. Co.*, 921 F.Supp. 1146, 1149 (S.D.N.Y. 1996).

*See also* 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1235 (1990).

Under the relaxed pleading requirements applicable in federal court, a plaintiff need not allege

separately each element. Fed. R. Civ. P. 8(a)(2).   Instead, it is enough that plaintiff comply with

the requirement that the pleading put defendant on notice of the grounds for which plaintiff seeks

relief. *Coddington v. Adelphi Univ.*, 45 F.Supp.2d 211, 218 (E.D.N.Y. 1999); Fed. R. Civ. P.

8(a)(2).  Plaintiff must simply provide "a short and plain statement of the claim[ ] showing that [it

is] entitled to relief." *Bridgeway Corp. v. Citibank, N.A.*, 132 F.Supp.2d 297, 305 (S.D.N.Y.

2001) (denying motion to dismiss a contract claim where the plaintiff provided a "short and plain

statement" of the existence of an agreement, performance by the plaintiff, breach of the

agreement by the defendant, and damages).  Even where the complaint is conclusory, the Court

has held:

> [t]he breach of contract claim as pleaded in the complaint is vague and conclusory and, at best, inartfully drafted. Indeed, the plaintiff does not describe the contract or contracts other than to say agreements existed between it and Mohawk. The plaintiff does not allege whether these agreements are written or oral, when they were made, the length of time they covered, the quantity of carpets involved, or any other terms. Indeed, discovery and summary judgment motions may determine that no agreements or contracts existed.
>
> However, reading the complaint liberally and drawing all inferences in favor of the plaintiff, the Court finds that at this stage, the complaint provides the short and plain statement that Fed. R. Civ. P. 8 requires to provide notice of the ground upon which relief is sought.

*Designers North Carpet, Inc. v. Mohawk Indus., Inc.*, 153 F.Supp.2d 193, 197 (E.D.N.Y. 2001)

(citation omitted).

As a matter of pleading, the prevailing rule is that consideration need not be pled in the

complaint, and that lack of consideration is best treated as an affirmative defense. *Thomas H. Lee Equity Fund V, L.P. v. Bennett*, 2007 WL 950133, at *2 (S.D.N.Y. 2007) (citing *Palmer v. A. & L. Seamon, Inc.*, 1995 WL 2131, at *2 (S.D.N.Y. Jan. 3, 1995)) (denying motion to dismiss for failure to plead consideration because it "is in the nature of an affirmative defense rather than a neglected pleading requirement as urged by defendant.").

Under New York law, "[i]t is well established that the 'slightest consideration is sufficient to support the most onerous obligation' and that the courts are not to inquire into the adequacy of consideration." *Cont'l Energy Corp. v. Cornell Capital Partners, L.P.*, 2005 WL 3543972, at *2 (S.D.N.Y. 2005) (quoting *Caisse Nationale de Credit Agricole v. Valcorp, Inc*., 28 F.3d 259, 265 (2d Cir. 1994)). "Generally, parties are free to make their own bargains, and, absent a claim of fraud or unconscionability, it is enough that something of real value in the eye of the law was exchanged." *Continental*, 2005 WL 3543972, at *2 (quoting *Ferguson v. Lion Holdings, Inc.*, 312 F.Supp.2d 484, 494 (S.D.N.Y. 2004)) (internal citations and quotations omitted).

NYSDRA argues that plaintiff has not established facts concerning his participation in the IMAP program that would constitute full performance under the contract.  Defendant further argues that the list of consideration states in conclusory form that he has "performed fully". Applying New York law and the liberal pleading requirements of FRCP 8(a)(2) and drawing all inferences in plaintiffs favor, the court holds that the plaintiff has sufficiently plead a claim for breach of contract. *Designers*, 153 F.Supp.2d at 197.  The plaintiff has provided a "short and plain statement" of the existence of an agreement, performance by the plaintiff, breach of the agreement by the defendant and damages.  *Bridgeway Corp*., 132 F.Supp.2d at 304. Accordingly, defendant's motion to dismiss the fourth cause of action is denied.

**Injunctive Relief (First Cause of Action)**

Injunctive relief is generally appropriate only when there is an inadequate remedy at law and irreparable harm will result if the relief is not granted. *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 103 (2d Cir. 2005); *Ticor Title Ins. Co. v. Cohen*, 173 F.3d 63, 68 (2d Cir. 1999).

NYSDRA argues that the first cause of action as brought by plaintiffs Wilson and Doe must be dismissed as they have failed to allege how the IMAP causes them harm.  In the first cause of action, plaintiffs seek injunctive relief based on NYSDRA's allegedly fraudulent and otherwise illegal conduct.  As this Court stated in the prior Memorandum-Decision and Order, because there are remaining viable causes of action in the amended complaint,  NYSDRA is not entitled to dismissal of the first cause of action at this time. *See Sweringen v. NYSDRA and Attorney General Eliot Spitzer*, 05-CV-0428, Dkt. No.19 (Sept. 28, 2006) (Memorandum-Decision and Order).  Accordingly, NYSDRA's motion to dismiss the first cause of action as alleged by plaintiffs Wilson and Doe is denied.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that defendant NYSDRA's motion to dismiss the complaint with respect to the second cause of action on behalf of plaintiffs Sweringen, Wilson and John Doe is granted; and it is further

**ORDERED** that defendant NYSDRA's motion to dismiss the complaint with respect to the fourth cause of action as alleged by plaintiff Sweringen is denied; and it is further

**ORDERED** that defendant NYSDRA's motion to dismiss the complaint with respect to the first cause of action on behalf of plaintiffs, Wilson and Doe, is denied; and it is further

**ORDERED** that defendant NYSDRA's motion to dismiss is otherwise denied it its

15

entirety.

**IT IS SO ORDERED.**

Dated: August 17, 2007

_____
Norman A. Mordue
Chief United States District Court Judge