UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RANDALL SWERINGEN, DAVID WILSON
and JOHN DOE(S),

                         **Plaintiffs,**

                                                          1:05-CV-428
   vs.                                                  (NAM/DRH)

NEW YORK STATE DISPUTE RESOLUTION
ASSOCIATION (NYSDRA),

                         **Defendant.**
_____

**APPEARANCES:**                                      **OF COUNSEL:**

John A. Aretakis, Esq.                          John A. Aretakis, Esq.
353 East 54th Street
New York, New York 10022-4965
*For Plaintiffs*

Hiscock & Barclay, LLP                        Mark W. Blanchfield, Esq.
50 Beaver Street
Albany, New York 12207
*For Defendant NYSDRA*

**Norman A. Mordue, Chief U.S. District Judge:**

## ORDER

     On December 11, 2008, defendant New York State Dispute Resolution Association (NYSDRA) moved for summary judgment. Dkt. No. 48. On January 12, 2009, John Aretakis, counsel for plaintiffs Randall Sweringen and David Wilson filed a cross-motion opposing summary judgment and notifying the Court that Wilson wished to terminate Mr. Aretakis as counsel. Dkt. Nos. 55 & 56.

On February 11, 2009, the Court received a letter from Mr. Aretakis stating that he had been suspended from the practice of law for one year. Dkt. No. 62. The Court issued an Order dated February 11, 2009, directing Sweringen and Wilson to advise the Court and defense counsel of their new attorney, or, of their intention to proceed *pro se*. Dkt. No. 63. In a letter dated March 11, 2009, Sweringen notified the Court that he elected to proceed *pro se* in this matter. Dkt. No. 64. In a letter dated May 18, 2009, Wilson notified the Court that he intended to proceed *pro se*. Dkt. No. 65.

The Second Circuit requires that a *pro se* litigant defending against a summary judgment motion be notified as to the nature and consequences of summary judgment. *Vital v. Interfaith Medical Center*, 168 F.3d 615, 620-21 (2d Cir. 1999); *see also* Local Rule 56.2 (Notice to *Pro Se* Litigants of the Consequences of Failing to Respond to a Summary Judgment Motion). Because Mr. Aretakis was suspended following the filing of the motion for summary judgment and plaintiffs intend to proceed *pro se*, plaintiffs must be advised of the nature and consequences of summary judgment before the Court can address defendant's motion for summary judgment. Although plaintiffs may rely on the papers Mr. Aretakis submitted in opposition to summary judgment, plaintiffs must also have the opportunity to file a response to the motion for summary judgment. Accordingly, it is hereby

**ORDERED** that the motion by Mr. Aretakis to withdraw as counsel is **GRANTED**; and it is further

**ORDERED** that defendant's motion for summary judgment is **DENIED without prejudice to renewal** upon filing, on or before October 14, 2009, a certificate of service showing that defendant has served plaintiffs with a copy of the motion and a copy of the " Notice to *Pro Se*

Litigants of the Consequences of Failing to Respond to a Summary Judgment Motion", which can be found on the Court's website at "www.nynd.uscourts.gov"; and it is further

**ORDERED** that upon renewal, defendant shall make the motion for summary judgment returnable on submission, in accordance with Local Rule 7.1.

**IT IS SO ORDERED.**

Date:  September 16, 2009

Norman A. Mordue
Chief United States District Court Judge